IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Luren G. <br><br> Plaintiff, <br><br> v. <br><br> Martin J. O'Malley <br> Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:22-cv-734 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Lauren G.[1] appeals the denial of her application for Supplemental Security Income (SSI) disability benefits under the Title XVI Social Security Act.[2] After careful consideration of the written briefs and the record, the court concludes that oral argument is not necessary. Based upon the analysis set forth herein, the court affirms the Commissioner's decision.[3]

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI alleging disability beginning June 30, 2019, at the age of 34, due primarily to mental impairments.[4] Her application was denied initially and upon reconsideration, following which, she appeared at a hearing held on her application before an Administrative Law

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] ECF No. 8.

[3] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case consented to the undersigned conducting all proceedings, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit.

[4] In her disability report Plaintiff claims disability due to autism spectrum disorder, ADHD, depression, anxiety, allergies, and asthma. Tr. 202. Tr. indicates the administrative record before the court.

Judge (ALJ). In following the five-step sequential evaluation process for determining disability,[5] the ALJ found Plaintiff had the severe impairments of autism spectrum disorder, depression, and anxiety.[6] After determining Plaintiff had the residual functional capacity to perform a full range of work with certain nonexertional limitations, the ALJ found Plaintiff could perform other jobs. These included the jobs of cleaner, hand packer, and store laborer. Thus, the ALJ found Plaintiff was not under a disability and denied her application.

Plaintiff appealed the adverse ruling, and the Appeals Council denied Plaintiff's appeal, making the ALJ's decision final for purposes of judicial review.[7] Plaintiff then filed the current complaint seeking review of the Commissioner's final decision.[8]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[9] "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."[10] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[11] As noted by the Supreme Court, "an ALJ's factual findings … 'shall be

---

[5] *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016) ("The Social Security Administration has established a five-step process for consideration of disability claims");20 CFR 416.920(a).

[6] Tr. 17.

[7] *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[8] ECF No. 8.

[9] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[10] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[11] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

conclusive' if supported by 'substantial evidence.'"[12] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[13] "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[14]

## DISCUSSION

On appeal Plaintiff challenges the ALJ's decision arguing the ALJ erred by not properly evaluating the prior administrative findings of the state agency psychological consultants. Two state agency consultants, Joan Joynson, Ph.D. and Charles Raps, Ph.D., reviewed Plaintiff's file. As noted by Plaintiff, Dr. Joynson found "moderate" limitations in the following categories:

> The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.
>
> The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.[15]

Dr. Raps made similar findings noting moderate limitations in the ability to complete a normal workday and workweek without an unreasonable number and length of rest periods. Plaintiff asserts the ALJ then failed to include any accommodations in the RFC to account for these deficiencies in performing work activities. This, according to Plaintiff, was not harmless error, and as testified by the vocational expert, if an individual was absent from work, late to work, or could not perform work within a normal schedule, they would be precluded from work.

---

[12] *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)).

[13] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[14] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

[15] Tr. 67-68.

Plaintiff's argument, however, misses the mark because it fails to account for the differences between the sections on the form used by the state agency consultants. The Tenth Circuit has explained:

> the Social Security Administration's Program Operations Manual System (POMS) characterizes section I as "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation [that] does not constitute the RFC assessment." SSA POMS DI24510.060 (bolding omitted). Challenges to whether an ALJ assessment of residual functional capacity incorporate limitations in section I ask "the wrong question.... We compare the administrative law judge's findings to [the agency consultants] opinion on residual functional capacity, not [their] notations of moderate limitations."[16]

Although an ALJ cannot turn a "blind eye to moderate Section I limitations"[17] it is the Section III narrative that becomes the focus. If it "describe[s] the effect that each of the Section I moderate limitations would have on the claimant's ability" then it can be "considered part of the substantial evidence supporting an ALJ's RFC finding."[18]

Here, in their section III narratives, the state agency consultants made similar findings. Dr. Joynson found Plaintiff could perform work having "routine superficial work related interactions and having low or no public contact."[19] Plaintiff could also follow simple instructions, adapt to workplace changes for routine work functions, perform short routine tasks, and maintain a regular schedule. Dr. Raps findings were very similar. These narratives accounted for Section I limitations, such as limiting Plaintiff to short routine tasks, and were incorporated into the ALJ's RFC. Thus, they can be considered part of the substantial evidence supporting the ALJ's decision. Contrary to Plaintiff's argument, there was no need for the ALJ to reconcile

---

[16] *Fannin v. Comm'r, SSA, Unempl. Ins. Rep.* 2021 WL 2071076 (10th Cir. May 24, 2021) (quoting *Smith v. Colvin*, 821 F.3d 11264, 1269 n.2 (10th Cir. 2016)).

[17] *Carver v. Colvin*, 600 F.App'x 616, 619 (10th Cir. 2015) (unpublished).

[18] *Id.*

[19] Tr. 70.

differences between Dr. Joynson's and Dr. Raps' section I limitations. Their section III findings were similar enough in nature, incorporated by the ALJ into Plaintiff's RFC, and as noted in precedent, Plaintiff's challenges to whether the ALJ assessment of RFC incorporates the section I limitations asks the wrong question.

Accordingly, substantial evidence supports the ALJ's findings, and the court affirms the commissioner's decision denying Plaintiff's claim for disability benefits.[20]  The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 18 January 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[20] Plaintiff's Motion for Review of Agency Action seeking a remand is DENIED.